Sutliff, J.
Depositions taken on the part of defendants corroborate the statement of facts contained in the answers ; and no proof has been taken by complainants to controvert their statements, nor are they even traversed by a replication.
The facts of the case as stated in the answer must therefore be regarded as true. And the case therefore presents the single question : Is the sale and transfer of the goods on the part of Raymond, a case within the statutes mentioned ?
The bill does not charge, nor does the proof show, any fraud in the transaction on the part of Raymond in selling, or on the part of Avery in buying, the goods. The only clause of the statute, therefore, under which such proceeding could be sustained, is the following:
“ That such defendant is about to convey, assign, remove, conceal, or dispose of his property, with intent, or so as to defraud, hinder, or delay his creditors.”
Under this clause of the amendatory statute, the extreme limit to which a creditor could go to charge the particular fund or property, without charging actual fraud, would be, we apprehend, *to state in his bill a case where his debtor is about to dispose of his property so as to hinder and delay his creditor in the collection of his debt.
But this bill by no means shows such a case. Its language is not that Raymond is about to convey or dispose of his property so as to hinder or delay his creditors, but “ that he has recently, and within the last few days, sold, assigned, transferred, and disposed of the whole of said stock of goods,” etc.
It is therefore evident that there is no case made in the bill for relief under the statute; nor is such a case at all shown by the evidence.
The bill must therefore stand dismissed, with costs.
Bartley, C. J., and Swan and Scott, JJ., concurred.
Brinkerhoee, J., having formerly been of counsel in the case, did not sit.